UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTTIE BERNARD JENKINS,

    Plaintiff,

v.                                               Case No. 3:24cv207-LC-HTC

WAL-MART, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Scottie Bernard Jenkins, a prisoner proceeding *pro se*, sues Wal-Mart and its employee, Brandon Garrison, for excessive force under 42 U.S.C. § 1983. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice because the Defendants are not state actors for purposes of a § 1983 claim.

Jenkins alleges that on March 1, 2024, he was apprehended by Garrison, a Wal-Mart loss prevention officer, for theft. During the apprehension, Jenkins alleges Garrison used excessive force by choking him and twisting his arm, which resulted in neck, shoulder, and back injuries. Based on the foregoing, Jenkins alleges Garrison violated his Eighth Amendment rights by using excessive force.

Jenkins, however, cannot state a claim under § 1983 based on these allegations. To prevail in a § 1983 action, a plaintiff must show "the conduct

complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citation omitted). Defendant Garrison, however, is not a government employee and did not act under color of state law when he detained Jenkins for shoplifting. *See White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979) (concluding a merchant's detention of persons suspected of stealing store property cannot logically be attributed to the state); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments.") (citations omitted). Furthermore, the Eighth Amendment's prohibition on the use of excessive force applies only to convicted prisoners.[1] *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (The Eighth Amendment "applies only after a citizen has been convicted of a crime[.]") (citation omitted).

Because Jenkins cannot state a claim under § 1983 against a private actor in these circumstances, this case should be dismissed without giving him an opportunity to amend his complaint. *See Hall v. United Ins. Co. of Am.*, 367 F.3d

---

[1] To the extent Jenkins seeks to bring a state-law claim for battery against the Defendants, the Court would lack federal question jurisdiction over such a claim and the exercise of supplemental jurisdiction over it would not be appropriate. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1. That Jenkins' motion to proceed *in forma pauperis* (Doc. 3) be DENIED AS MOOT.

2. That this case be DISMISSED WITHOUT PREJUDICE.

3. That the clerk close the file.

At Pensacola, Florida, this 14th day of May, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.

Case No. 3:24cv207-LC-HTC